UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OMAR CANO and all others          §
similarly situated under          §
29 U.S.C. § 216(b),               §
                                  §
   Plaintiffs,     §
                                  §
v.                                §     CIVIL ACTION NO. 3:13-CV-3650-B
                                  §
RON'S ORGANICS, INC., RON         §
HALL d/b/a RON'S ORGANICS,        §
INC., and RAMONA HALL,            §
                                  §
   Defendants.     §

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss for Lack of Jurisdiction (doc. 54) filed by Defendants

Ron's Organics, Inc., Ron Hall, and Ramona Hall (collectively, "Defendants") on February 18, 2015.

For the reasons set forth below, Defendants' Motion is **DENIED**.

## I.

## BACKGROUND[1]

### A.   *Factual Background*

Plaintiff Omar Cano brings his claims for overtime wages and retaliation under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") against his former employer, Defendant Ron's

Organics, Inc., an organic landscaping and gardening company, and its owners and directors,

Defendants Ron Hall and Ramona Hall. Doc. 17, Amended Compl. 4–5. Cano asserts that he was

---

[1] The Court draws its factual account from the allegations contained in Plaintiff Omar Cano's Amended Complaint (doc. 17), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

employed by Defendants from approximately 2003 through July 20, 2013, but that he was not paid the overtime wages he earned as is required under the FLSA, 29 U.S.C. § 207(a)(1). *Id.* at 5–6. Cano further alleges that Defendants retaliated against him by first decreasing his pay and subsequently terminating his employment. *Id.* at 8–9. He maintains that this retaliation was carried out because of the in-person complaint he made to Defendant Ron Hall regarding his entitlement to overtime wages, as well as due to his initiation of the present lawsuit. *Id.* at 9–10. In addition, Cano asserts a claim for negligence against Defendants. *Id.* at 10–12.

B.      *Procedural Background*

Cano filed the present lawsuit against Defendants on September 11, 2013. Doc. 1, Orig. Compl. 1.[2] After receiving the Court's permission, Cano amended his complaint on April 29, 2014. *See* docs. 14; 16; Amended Compl. On November 13, 2014, Defendants filed a Motion for Summary Judgment with respect to Cano's claims, which remains pending before the Court. Doc. 36. Defendants subsequently filed the present Motion to Dismiss for Lack of Jurisdiction (doc. 54) on February 18, 2015, asserting that Cano's claims for overtime wages and retaliation under the FLSA must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). On March 11, 2015, Cano submitted his Response (doc. 55), to which Defendants have not replied. As such, the Motion is now ripe for the Court's review.[3]

---

[2] Cano originally brought this action on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b). *See* doc. 1, Orig. Compl. 1. However, since the filing of the lawsuit, Cano has not pursued the class certification process under Federal Rule of Civil Procedure 23(c) and thus proceeds as an individual plaintiff in this case.

[3] The Court considers the present Motion to Dismiss for Lack of Jurisdiction before turning to Defendants' Motion for Summary Judgment so as to ensure that it does not lack jurisdiction when it subsequently evaluates the merit of the claims at issue. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## II.

## LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party can "challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing Fed. R. Civ. P. 12(b)(1)). Whether subject matter jurisdiction exists can be determined by examining "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Therefore, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id.*

## III.

## ANALYSIS

Defendants seek the dismissal of Cano's claims under the FLSA, contending that subject matter jurisdiction is lacking. Doc. 54, Defs.' Mot. to Dismiss ("Defs.' Mot.") 2. Specifically, Defendants argue that neither they nor Cano had any connection to interstate commerce during the relevant time period, thus precluding Cano from establishing either enterprise or individual coverage, as is required under the FLSA. *Id.* Cano disagrees, noting that the existence of enterprise or individual coverage is an element of a cause of action under the FLSA and is not a requirement for subject matter jurisdiction. Doc. 56, Pl.'s Br. in Support of Resp. ("Pl.'s Br.") 6–7.

- 3 -

To establish a claim under the FLSA, a plaintiff must demonstrate either individual or enterprise coverage. *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)) ("Either individual or enterprise coverage is enough to invoke FLSA protection.").

Individual coverage exists if the employee "is engaged in commerce or in the production of goods for commerce," which can be determined by inquiring "whether the work is so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated local activity." 29 U.S.C. § 207(a)(1); *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (citing *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)). Enterprise coverage, in turn, exists where the employee is employed by "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

Therefore, "[t]o establish that his employer is subject to the requirements of the FLSA, the plaintiff employee has the burden to show that there is coverage, whether individual or enterprise." *Mendoza v. Detail Solutions, LLC.*, 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 120 (1946)). However, whether such coverage exists is not a jurisdictional issue to be resolved on a Rule 12(b)(1) motion; as another court in this district has held, "[t]he court's subject matter jurisdiction does not turn on whether [the plaintiff] has alleged facts that demonstrate coverage under FLSA but on whether his well-pleaded complaint asserts a federal-question cause of action." *Morrow v. J W Electric, Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *1 (N.D. Tex. Nov. 16, 2011); *see also Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-CV-4268-D, 2014 WL 840052, at *3 (N.D. Tex. Mar. 4, 2014) (finding that "the court must treat enterprise coverage as an element of plaintiffs' claim rather than a jurisdictional prerequisite"). Here,

- 4 -

Cano asserts a well-pleaded claim for overtime violations under the FLSA, thus invoking this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331 (establishing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); Amended Compl. 6–8. Therefore, to the extent Defendants' Motion is based on the alleged lack of individual or enterprise coverage, it is without merit.

In addition, Defendants briefly state that Cano's retaliation claim under the FLSA must also be dismissed due to "the undisputable fact that defendants fired plaintiff before they received notice of the FLSA overtime claim." Defs.' Mot. 3. Defendants thus appear to request the dismissal of the retaliation cause of action based on a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants do not clarify this point, however, and they likewise omit any further explanation or authority in support of this assertion. Moreover, they fail to address all of Cano's allegations with respect to his claim for retaliation. For these reasons, in deciding the present Motion under Rule 12(b)(1), the Court declines to consider Defendants' request to dismiss the retaliation claim.

Because the Court rejects Defendants' contention that coverage is a jurisdictional prerequisite for overtime violation claims under the FLSA, and because Defendants move to dismiss Cano's retaliation claim without presenting any legal or factual framework in support, the Court **DENIES** Defendants' Motion to Dismiss for Lack of Jurisdiction.

## IV.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for Lack of Jurisdiction (doc. 54) is **DENIED**.

SO ORDERED.

SIGNED: March 30, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE